IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BROOKSIDE MHP, LLC, and JOSHUA BARRON,

                              Plaintiffs,

    v.                                              OPINION and ORDER

NICOLE MICHALAK,                               24-cv-416-jdp

                              Defendant.

---

    Nicole Michalak, proceeding without counsel, alleges that defendant Brookside MHP, LLC, and its manager Joshua Barron committed misconduct in litigating a state-court eviction action against her. *See Brookside MHP v. Michalak*, Washington County Case No. 2024SC142.[1] The court has already granted her leave to proceed without prepayment of any portion of the filing fee. Dkt. 3.

    It is unclear whether Michalak means to file this case as a brand-new civil action or as an attempt to remove the state-court case to this court. If she is trying to remove the case, she would be unable to do so. Brookside's eviction claim cannot be litigated in this federal court because it is a state-law cause of action and because Michalak states that the parties are all Wisconsin citizens. So I will treat Michalak's filing as a complaint instead of as a notice of removal, and I will direct the clerk of court to switch the parties in the caption: Michalak will be the plaintiff and Brookside and Barron will be the defendants.

    The next step is for me to screen the complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money

---

[1] Available at https://wcca.wicourts.gov.

damages from a defendant who by law cannot be sued for money damages. *See* 28 U.S.C. § 1915. In doing so, I must accept Michalak's allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

But even applying these standards, Michalak's current allegations do not support a claim that this court can hear. Her allegations are somewhat difficult to follow, but I take her to be saying that defendant Brookside, her landlord, sent her a "fake court summons," conspired with the judge in the eviction case in failing to file a valid judgment in that case, and coerced her into signing a settlement agreement for $70,000. Michalak wants the eviction judgment to be vacated and she wants to enforce a contract that she had entered into with Brookside; I take this to be a different contract than the one that she says she was coerced into signing.

As a starting point, I cannot vacate the judgment issued by the state court. *See Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, 111 F.4th 754, 772 (7th Cir. 2024). But it appears that the state court already granted that relief after Michalak filed her complaint; the electronic state-court docket shows that the judgment has been vacated.

I can still consider Michalak's claims for money damages or relief under contract law. Michalak contends that Brookside's actions violated the Fair Debt Collection Practices Act (FDCPA). But courts have previously concluded that landlords are not "debt collectors" under the FDCPA when they seek to collect past-due rent owed to them. *See, e.g., Carter v. Am. Mgmt. Consultants, LLC/Riverstone Apartments*, No. 09 C 7181, 2010 WL 3527600, at *2 (N.D. Ill. Sept. 2, 2010), *aff'd sub nom. Carter v. AMC, LLC*, 645 F.3d 840 (7th Cir. 2011).

2

Without a federal claim, this court cannot consider any state-law contract claims that Michalak seeks to bring unless she were to show that the requirements for the court's diversity jurisdiction are met: that she and defendants are citizens of different states and that more than $75,000 is in controversy. 28 U.S.C. § 1332. Michalak doesn't meet either of these requirements; she states that both she and Brookside are Wisconsin citizens, and she asks for at most $70,000 in damages.

The Court of Appeals for the Seventh Circuit has cautioned against dismissing an unrepresented plaintiff's case without giving them a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). I will give Michalak a chance to file an amended complaint better explaining how defendants harmed her and explaining whether the state court vacating the eviction judgment affects any of her claims.

ORDER

IT IS ORDERED that:

1. Plaintiff's complaint, Dkt. 1, is DISMISSED.
2. Plaintiff may have until December 17, 2024, to submit an amended complaint.
3. The clerk of court is directed to recaption the case as directed above.

Entered November 26, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge